KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
February, 1882.

BLACK *v.* WOODMAN.

*In the matter of the estate of* MOSES THOMPSON, *deceased.*

Administration granted by a Surrogate's court of this State, upon the goods, etc., of a resident of another State, is subsidiary to that granted in decedent's domicil, and relates only to assets here.

Accordingly, where an administrator, appointed in Massachusetts, of the estate of one dying domiciled there, afterwards received letters in this State, which were revoked, and his successor, appointed here, applied for an accounting, alleging that, at the time of his removal, the former had property of the estate in his possession; the respondent denying that he had received any property under the letters revoked:—

*Held,* that the respondent could not be made to account, in a Surrogate's court of this State, for assets collected under letters granted in Massachusetts and brought hither, but that he might be required to submit to an examination as to the assets liable to be administered under the letters granted here.

APPLICATION to compel an administrator to render, and procure the judicial settlement of, his account. The facts appear sufficiently in the opinion.

CHARLES N. BLACK, *in person.*

PEABODY, BAKER & PEABODY, *for Aaron Woodman.*

THE SURROGATE.—The deceased, at the time of his death, was a resident of Massachusetts, and Aaron Woodman was appointed administrator of his goods and effects at the place of his domicil. Subsequently, in December, 1867, Woodman was also appointed administrator by this court, on proof that the deceased died leaving assets in this county. In August, 1869, the letters granted to

him by this court were revoked, and Charles N. Black was appointed administrator in his place.

The present application is made by Black to compel Woodman to render and settle his account as administrator.

It is alleged, in Black's petition, that Woodman had in his possession personal property belonging to the deceased, at the time his letters were revoked. Woodman files a verified statement purporting to be an account of his proceedings as administrator, in which he states that, during the time he remained administrator under the letters granted by this court, he did not receive any money or property belonging to the estate in the State of New York, or under the letters granted in the State of New York, and did not receive any at all, during that time, outside of the State of Massachusetts ; but he does not deny that he had in his possession, at the time his letters were revoked, assets belonging to the estate of the deceased, which were collected under the letters granted in Massachusetts.

The administration granted at the place of the decedent's domicil was the principal one, and the administration granted here was subsidiary to it ; it related exclusively to the assets within this State, and the jurisdiction of this court is limited to them ; it does not extend to the assets, collected under the letters granted in Massachusetts, and brought into this State (*Redf. Prac.* [2 ed.], 641, 642 ; Lynes *v.* Coley, 1 *Redf.*, 405). It is upon this want of jurisdiction in any other court, to act in such a case, that the right of a court of equity to apply the remedy is founded (McNamara *v.* Dwyer, 7 *Paige*, 239 ; Brown *v.* Brown, 1 *Barb. Ch.*, 189).

Woodman cannot, therefore, be made to account.in this court, for the assets collected under the letters granted in Massachusetts and brought into this State; but he may be required to submit to an examination respecting the assets of the deceased in this State liable to be administered under the letters granted here, if the petitioner so desires.

Ordered accordingly.