---

(39 App. Div. 510.)

In re DUNN et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. EXECUTORS AND ADMINISTRATORS—ANCILLARY ADMINISTRATION—ACCOUNTING —DISTRIBUTION.
   Under Code Civ. Proc. § 2722, providing that when an executor or administrator files an answer to a petition for payment of a distributive share, alleging facts showing that the validity or legality of the claim is doubtful, the petition must be dismissed, the surrogate cannot decree distribution of assets held by an ancillary administrator, where the latter's answer alleges that decedent's heirs claim that the distributee is indebted to the estate in excess of his distributive share, and also alleges that he has no interest in the assets.

2. SAME.
   Under Code Civ. Proc. § 2700, requiring a person to whom ancillary letters are issued to transmit assets to the country where the principal let-

ters were issued, unless a decree otherwise directing him has been made on an accounting, a petition to compel an ancillary administrator to account and pay a distributive share is properly denied, where the heirs, residing in the country of decedent's domicile, and not being before the court, claim that the distributee is indebted to the estate, and has received advances in a sum much larger than his interest.

Appeal from order of surrogate, New York county.

Application by Thomas J. Dunn, sheriff, and another, to compel Paul Fuller, as ancillary administrator with will annexed of the estate of J. F. A. Pons, to settle his account, and for a distribution. From an order denying the application, petitioners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Charles Bulkley Hubbell, for appellants.

Joseph Kling, for respondents.

PATTERSON, J. This is an appeal from an order of the surrogate denying an application of the petitioners to compel Paul Fuller, an ancillary administrator with the will annexed, to account for assets in his hands of the estate of J. F. A. Pons, deceased. Mr. Pons was a resident of France at the time of his death. He left a last will and testament by which he disposed of so much of his estate as he had authority to dispose of under the law of France. That will was established or proven in France. An ancillary administrator with the will annexed was appointed by the surrogate of New York, and, upon the death of such ancillary administrator, Mr. Fuller was appointed in his place. At the time the petition in this matter was presented, assets of the estate, to a large amount, were in the actual possession of Mr. Fuller, as such administrator. The petitioners on the present application are the sheriff of the county of New York and J. P. Sorzano, a judgment creditor of Louis Pons, a son of J. F. A. Pons, the testator. Louis Pons does not share in the estate of his father under the will. It appears from the petition that Mr. Sorzano began suit against Louis Pons to recover an indebtedness due from him, and in that action procured an attachment, which was issued to the sheriff of the county of New York, and that a levy was made, or sought to be made, thereunder, by leaving with Mr. Fuller a certified copy of the warrant of attachment, with a notice showing the property attached. The petitioners prayed that Mr. Fuller's account as ancillary administrator be judicially settled, and that a distribution of the assets in his hands be decreed. The surrogate made an order on this petition directing a citation to issue, requiring the ancillary administrator to show cause why he should not render and judicially settle his account, and make distribution. The ancillary administrator answered, and the surrogate made the order appealed from.

It is claimed by the appellants that Louis Pons is entitled, under the law of France, in his own right, to a part of the fund in the hands of the ancillary administrator; that, although he is ex-

cluded by his father's will from sharing in the estate, yet by the law of France he could not be so excluded; and that, therefore, he has vested in him, by an absolute right of succession, a proportionate interest as one of three children of J. F. A. Pons. The appellants also claim that, by virtue of the attachment issued against the property of Louis Pons, they have acquired an interest in the distributive share of Louis Pons in the property of which his father died possessed, and therefore they have a standing in court analogous to that of an assignee, and are entitled to call the administrator to account, as preliminary to, and part of, a proceeding to compel a distribution of the estate so that the amount of the attachment may be realized.

It is unnecessary to pass upon these or many other questions that have been argued on this appeal, for we are of the opinion that the surrogate properly denied the appellants' application, for the reason that, so far as distribution is concerned, upon the facts as presented to him, and the contents of the answer of the ancillary administrator to the petition, he had no jurisdiction to decree distribution. The only authority the surrogate has to direct the payment of a legacy, or a distributive share of an estate, is derived from the Code of Civil Procedure. When it is made to appear to the surrogate (section 2722) that a claim made to the legacy or the distributive share is disputed, as to its validity or legality, and an executor or administrator files a written answer setting forth facts which show that it is doubtful whether the claim is valid and legal (and it may be stated on information and belief), or when it is not proved to the satisfaction of the surrogate that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction, then the petition must be dismissed, but without prejudice to an action or an accounting in behalf of the petitioner. The ancillary administrator, in his answer, says "that the heirs and next of kin of the said Jean Ferdinand Auguste Pons, other than the said Louis Pons, claim that said Louis Pons is largely indebted to the estate of his father, and in a sum much larger than a one-fourth interest therein, and has received advances from his said father in a sum much larger than his said interest, which sum is still due and owing to the said estate." And further he alleges, on information and belief, "that at the time of the levy of said attachment the said Louis Pons had no interest in any of the assets of the estate of the said Jean Ferdinand Auguste Pons in his hands as such ancillary administrator." The surrogate, therefore, after the answer was interposed, had no jurisdiction to compel payment by the ancillary administrator of a distributive share of Louis Pons in the succession.

But, irrespective of the question of jurisdiction, there is another reason why an accounting was properly denied. In whatever situation Louis Pons stands to the succession, his relation to it is the subject of judicial inquiry in France. The validity of the disposi-

tions of the will of the testator is to be determined by the law of France. The final settlement of the estate is to be had in the courts of that country. The law of France furnished the rule applicable to rights in the estate either under or outside of the will. The courts of this state may be competent to pass upon such questions, yet, where the final settlement of the estate depends upon the ascertainment of facts affecting the right of Louis Pons to the whole or a part of a share in his father's property, the adjustment, on a final settlement of the estate, must be made in France. It was held in Parsons v. Lyman, 20 N. Y. 103, before the enactment of the Code of Civil Procedure, that whether the courts of this state are to decree distribution of the assets collected here under an ancillary administration, or to remit the disposition thereof to the courts of the testator's domicile, is not a question of jurisdiction, but of judicial discretion, upon the circumstances of the particular case. This rule was reaffirmed, since the passage of the Code, in Re Hughes, 95 N. Y. 60; but it was also said in that case that the courts of the country where the ancillary jurisdiction is granted, when decreeing distribution (section 2701, Code Civ. Proc.), should apply the law of the domicile, unless such application will interfere with the rights of creditors, or infringe some controlling principle of public policy; but it still remains that the exercise of judicial discretion depends upon the circumstances of each particular case, and such circumstances were presented here as required the surrogate to deny the application for an accounting, as that was merely a step towards distribution. It is manifest that the testator's estate could not be settled finally in this state. In the first place, the proper parties were not before the court. A general distribution, therefore, could not be had. In Re Hughes, supra, ancillary administration was taken out in New York. The deceased was an inhabitant of Pennsylvania. All the assets were here, and the next of kin resided here. It was held that distribution might be decreed by the ancillary administrator here on the final settlement of his accounts; but the court said that if it appeared that there were creditors of the intestate in Pennsylvania, whose debts were unpaid, and if they were entitled to payment out of the fund in the hands of the administrator here, it would afford a reasonable ground for remitting it to the jurisdiction of the domicile. By section 2700 of the Code of Civil Procedure, the person to whom ancillary letters are issued is peremptorily required to transmit the money and other personal property of the decedent, received by him after the letters are granted, or found in his hands in another capacity, to the state, territory, or country where the principal letters were issued, to be disposed of pursuant to the laws thereof, unless a decree otherwise directing has been made when awarding the letters, or upon an accounting, or by an order of the surrogate made during the administration of the estate, or by a judgment or order of a court of record in an action to which the ancillary administrator is a party. Now, it was here shown to the surrogate that the next of kin, all residing in France, and not before the court, other than Louis Pons, claimed that he was largely indebted to the estate of his father, and in a sum much

larger than any interest he had in the estate, and that he had received advances from his father in a sum much larger than his interest, which sum is still due and owing to the said estate, and that upon these facts his right to participate in the succession was disputed. All these were matters that could not well be tried in the surrogate's court on an accounting of an ancillary administrator; and there being that claim of the other persons interested in the estate, and the surrogate being so advised by the answer of the ancillary administrator, he was right in exercising his discretion in refusing to grant an accounting.

The order of the surrogate should be affirmed, with costs.

RUMSEY and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.

BARRETT, J. I concur on the first ground discussed, reserving my judgment on the second ground.