(28 Misc. Rep. 677.)

SORZANO et al. v. COUDERT et al.

(Supreme Court, Trial Term, New York County. August, 1899.)

ATTACHMENT—LOCAL ASSETS OF FOREIGN ESTATE—SUIT BY CREDITOR OF HEIR.
     A court will not direct an attachment upon the local assets of the estate
of a deceased foreigner in the hands of an ancillary administrator in this
country, at suit of a creditor of an heir of the decedent, whose interest
in the estate is undetermined, and can only be properly determined in the
principal administration in the courts and under the laws of the country
in which the decedent was domiciled; nor will it indirectly compel such
administration by sustaining an attachment of such undivided assets by
the creditor.

Action by Julio F. Sorzano and Edward J. H. Tamsen, as sheriff, against Frederic R. Coudert and others, in aid of an attachment against the property of Louis Pons, the purpose of which was to reach property of the estate of the father of Louis Pons in the hands of defendants. Judgment for defendants.

Eugene G. Kremer, for plaintiffs.

Coudert Bros. (F. R. Coudert, Jr., and John P. Murray, of counsel), for defendants.

LEVENTRITT, J.    After a careful consideration of this case, and taking the view most favorable to the plaintiffs, by ignoring the several serious objections urged to the right of the plaintiffs to maintain this action, I am satisfied that the defendants are entitled to judgment on the merits.    A judgment in favor of the plaintiffs would, in effect, direct administration upon the local assets of the estate of Louis Pons' father.    While that direction is discretionary (1 Williams, Ex'rs, 443, note; Lynes v. Coley, 1 Redf. Sur. 405; In re Hughes, 95 N. Y. 55, 60), the circumstances of this case do not warrant it.    The aid of the court is not invoked by a creditor of the decedent, but by a creditor of one interested in the distribution of the estate. There is no evidence of proceedings to fix the share, if any, of Louis Pons in the estate of his father.    The extent of his ultimate interest can be determined only by the judicial tribunals of France.    While it is true that the ancillary administrator in this state has property of the decedent, apparently clear of debts, in amount more than sufficient to cover the plaintiffs' claim against Louis Pons, provided the latter shall establish his right to the one-third or one-fourth which he claims, it is not possible to determine reliably in advance how far his share may be diminished upon the accounting required and regulated by the French Civil Code.    By its provisions, the amounts of advances must be deducted from the distributive share.    There is no proof before me on the subject of advances.    For aught that appears, Louis Pons' share may be entirely consumed.    Even were this a proper case, the court is not in a position to apply the law of the domicile.    Substantially the same questions as here presented were before the appellate division on an appeal from an order of the surrogate denying the plaintiffs' petition for an accounting by the ancillary administrator.    In re Dunn, 39 App. Div. 510, 57 N. Y. Supp. 444. It was the sense of the court that, inasmuch as the final settlement of

the estate depended on the ascertainment of facts affecting the right of Louis Pons to the whole or a part of a share in his father's property, the adjustment or final settlement of the estate would have to be made in France.    This disposition of the case need work no hardship to the plaintiffs.    It does not defeat—merely defers—the enforcement of their rights.    In my determination of the issues, I have regarded the pleadings as amended, with reference to the return of the execution, and I have excluded the papers on appeal from the surrogate's order.    I direct judgment in favor of the defendants.    The plaintiffs may have 60 days' stay, and 60 days to make a case.

Judgment for defendants.