SERVISS *v.* WASHTENAW CIRCUIT JUDGE.

1. GARNISHMENT—PAST-DUE NOTE.
   A past-due promissory note is subject to garnishment.

2. SAME—DISCLOSURE—CONCLUSIVENESS.
   A disclosure by a garnishee that he does not know whether or not a past-due note executed by him to the principal defendant was still in the latter's hands at the time of service of process is not conclusive against his liability to the plaintiff, since the statute (2 How. Stat. § 8068) provides for a trial of the issue framed by the affidavit and the disclosure.

3. SAME—NONRESIDENT DEFENDANT—SUBSTITUTED SERVICE.
   The validity of the substituted form of service on the principal defendant in garnishment proceedings, where he is a nonresident, provided by 2 How. Stat. § 8087, does not depend upon the disclosure of the garnishee, although no judgment can be had in such case against the principal defendant unless some credits are found in the garnishee's hands; as the existence or nonexistence of such credits is the subject of inquiry under section 8068.

4. SAME—JURISDICTION.
   The courts of this State may, by garnishee process, acquire jurisdiction over a nonresident defendant for the purpose of subjecting a debt due him from a citizen of the State to the payment of plaintiff's demand.

*Mandamus* by Wilber M. Serviss to compel Edward D. Kinne, circuit judge of Washtenaw county, to set aside a service upon the principal defendant, a nonresident, in garnishment proceedings. Submitted February 8, 1898. Writ denied March 1, 1898.

*Lawrence & Butterfield*, for relator.

*Arthur Brown* and *M. J. Cavanaugh*, for respondent.

LONG, J. The relator is a resident of the State of Indiana. In November, 1897, Nellie A. Lennon, of Washtenaw county, this State, commenced an action in

the Washtenaw circuit court against relator by summons, and caused a writ of garnishment to issue against Edward S. Serviss, of Washtenaw county.  The writ of garnishment was based upon an affidavit setting forth that the principal defendant was a nonresident of this State, and that said garnishee was indebted to the principal defendant in certain sums of money.  Proceedings were thereupon taken, which are claimed to be in accordance with section 8087, 2 How. Stat., providing for substituted service upon nonresidents where property or credits of nonresidents have been garnished in this State; and a copy of said summons, affidavit for writ of garnishment, writ of garnishment, and return of the officer thereon of service upon the garnishee defendant were served upon the principal defendant in the State of Indiana.  The garnishee filed a written disclosure, in which he stated that, at the time of the service of the writ upon him, he had made, executed, and delivered to the principal defendant three certain promissory notes, which remained unpaid, but that he did not know whether or not said notes were at the time of the service of said writ still held by the principal defendant.  A demand was thereupon made by the plaintiff for an oral examination of the garnishee.  The garnishee appeared, and gave testimony, which was taken by the court stenographer, and by him reduced to writing.  This does not appear to have been signed by the garnishee, though it was filed in the case.  On such direct examination, the garnishee testified that he still owed the principal defendant, who is his brother, about $3,000.  On cross-examination the following took place:

"*Q.* Do you know whether you owe your brother anything or not?

"*A.* There are two ways of answering that.

"*Q.* Do you know whether he held any papers at that time?

"*A.* No; I don't know that."

Upon further cross-examination he testified that he gave his brother three promissory notes,—one for $2,000, given

in 1893; one for $1,000, given in 1896; and one for $633.-
38, given November 18, 1897; that he gave chattel mort-
gages with the first two notes, but could not state whether
his brother held the mortgages when the garnishee process
was served on him, November 27, 1897.    It is conceded
that the first note was past due when the process was
served on the garnishee, and that the other two notes were
not due at that time.    A motion was made in the court to
set aside the service on the principal defendant, upon the
ground that it does not affirmatively appear by the dis-
closure that property or credits had been reached by gar-
nishee process.    This motion was denied; and relator now
asks a *mandamus* to compel the circuit court to vacate
the order denying the motion, and directing the entry of
an order to set the service aside.    A return has been made
to an order to show cause, and the above statement is sub-
stantially what appeared in the court below.

It is contended by the relator that, before the circuit
court has jurisdiction to proceed against the principal de-
fendant, it must affirmatively appear that he had the
notes in his possession at the time of service on the gar-
nishee, and that it cannot be said that under this examina-
tion the garnishee defendant is indebted to the principal
defendant.    In *Littlefield* v. *Hodge*, 6 Mich. 326, it was
said:

"Garnishee process is not, we think, properly applicable
to such paper [negotiable paper] until it ceases to become
negotiable by falling due.    The debtor cannot know cer-
tainly in whose hands his obligation may be when it
matures, and his admission that such a note is outstand-
ing cannot be effectual as an admission of an indebtedness
to the original holder of such a character as to be a con-
tinuing liability in his hands.    The courts have very
generally, in the absence of statutes to the contrary, re-
garded negotiable paper as not liable to be reached in this
way."

But it appears that the first note given was past due when
the garnishee process was served.    It was expressly held
in *Somers* v. *Losey*, 48 Mich. 294, that a promissory note

may be garnished after maturity. It is true that the garnishee defendant was unable to state whether or not any of the notes were still in the hands of the principal defendant at the time of service of process; yet we think this disclosure is not conclusive on the right of the plaintiff to further inquiry. In *Fearey* v. *Cummings*, 41 Mich. 376, it was said:

"It became a question whether, in trying this issue, the denial made by the garnishees in their disclosure of all indebtedness to Nellis, and their denial of possession and control of any property, money, goods, chattels, credits, and effects belonging to him, was conclusive on the plaintiffs, except in so far as there might be occasion to inquire concerning fraud; and the plaintiffs insisting that it was not, and that they were entitled to controvert such denial, and the garnishees contending to the contrary, the circuit judge sustained the position of the garnishees. The court is unable to concur in this view. The issue instituted at the instance of the garnishees after their disclosure is one expressly ordained for the trial of the garnishees' liability to the plaintiffs (2 Comp. Laws 1871, § 6475), and it covers exactly the same ground to which the denial applies; and it occurs to ask for what purpose authorize a trial to be invoked if the matter has already been settled in favor of the garnishees by their denial?"

It was held, therefore, that the plaintiffs were entitled to make out an indebtedness from the garnishees to Nellis, notwithstanding this denial.

The statute referred to in that case is section 8068, 2 How. Stat., as amended. This section provides that, upon the filing of the disclosure, answers to written interrogatories, or report of the testimony or statement made by the garnishee on such personal examination in cases where such examination is had, "the matter of such affidavit [the affidavit for the writ of garnishment] shall be considered as denied (except so far as the same is admitted by such disclosure, answers to interrogatories, or report, which admissions shall have the effect of admissions in a plea, and also shall be *prima facie* evidence of the matters therein admitted). And thereupon a statutory

issue shall be deemed framed for the trial of the question of the garnishee's liability to the plaintiff." The plaintiff in the suit followed the provisions of 2 How. Stat. § 8087, in relation to bringing in the principal defendant, who was a nonresident of the State. The validity of this substituted form of service upon the principal defendant does not depend upon the disclosure of the garnishee defendant, or upon the denial of an indebtedness which he may make when interrogated thereon. No judgment could be had against the principal defendant, it is true, unless some credits were found in the hands of the garnishee; but whether such credits are in his hands is the subject of inquiry which may be had upon the statutory issue, which is provided in section 8068, 2 How. Stat.

It is further contended that a debt due to a nonresident defendant from a citizen of this State is not property, effects, or credits within this State, and hence will not support the jurisdiction of the courts of this State for a proceeding *in rem;* that the domicile of a garnishee within this State does not give the courts of this State jurisdiction over the debts he owes to a party in another State, and is not sufficient to support an action *in rem.* It was held, however, in *Newland* v. *Wayne Circuit Judge,* 85 Mich. 151, that the statute points out the procedure to acquire jurisdiction over the principal defendant, not for the purpose of rendering a personal judgment against him, but to subject the choses in action in the hands of a third party to the payment of the plaintiff's demand; and to this extent it confers jurisdiction upon the court to proceed. It was there said:

"It is not instituted for the purpose of the recovery of property, nor the enforcement of a lien thereon. Its primary object is to reach the *res* in the hands of third persons, against whom there is no foundation for a personal claim when the summons issues."

The court below was not in error in refusing to set aside the service upon the principal defendant.

The writ must be denied, with costs.

The other Justices concurred.