(73 App. Div. 524.)

### MAAS v. GERMAN SAV. BANK IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

BANKS—DEPOSIT OF NONRESIDENT DECEDENT—PAYMENT TO FOREIGN ADMINIS-
TRATOR—LIABILITY TO LOCAL ADMINISTRATOR.

Where a bank holding a small balance of deposit due a nonresident
decedent, and which it has obligated itself to pay to her legal representa-
tive on surrender of the pass book, paid it out in good faith to her
domiciliary administrator, who had title, before receiving notice of the
prior appointment of a domestic administrator, it had a good defense
to an action by the latter for the deposit, where it was not shown that
there were local creditors whose claims would otherwise be lost.

Patterson and O'Brien, JJ., dissenting.

Appeal from appellate term.

Action by Charles Maas, as administrator of Frieda Maas, against
the German Savings Bank in the City of New York, to recover a
balance of deposit. From an order of the appellate term (72 N. Y.
Supp. 1068) affirming a judgment of the general term (71 N. Y.
Supp. 483), which affirmed a judgment of the trial term in favor of
plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

E. I. Spinks, for appellant.
Thomas F. Gilroy, Jr., for respondent.

LAUGHLIN, J. On the 13th day of May, 1896, the decedent,
Frida (or Frieda) Maas, opened an account with the appellant, which
is a savings bank organized under the laws of the state of New York,
giving her residence as Twenty-Third street, Lincoln Place, West
New York, N. J. She died intestate on the 15th day of November,
1898, at her residence in Guttenburg in the county of Hudson, state
of New Jersey, leaving, her surviving, a son and daughter, both
minors and residents of the same place. At the time of her death
there remained a balance of $80 to her credit on deposit with the ap-
pellant. Letters of administration on her estate were duly issued to
her deceased husband's brother, Frederick Maas, by the surrogate of
Hudson county, N. J., on the 23d day of August, 1899. The adminis-
trator qualified and entered upon the discharge of his duties, and upon
the same day presented her pass book and a certified copy of his letters
of administration to the appellant, and demanded payment of this bal-
ance of account, which, with interest, aggregated $83.54. The bank
paid the balance of the account to him upon the surrender of the pass
book and certified copy of his letters. Prior thereto, and on the 23d
day of November, 1898, Charles Maas, also a brother of her deceased
husband, was duly appointed general guardian of her minor children
by the surrogate of the county of New York, and thereafter, and on
the 9th day of March, 1899, he was also duly appointed administrator
of her goods, chattels, and credits by the surrogate of the county of
New York. He duly qualified, and letters of administration were duly
issued to him. Three days after the bank paid the balance of account
to the foreign administrator, the domestic administrator served notice

upon it of his appointment and that he would hold it responsible for the payment to any other person of any money belonging to the estate of the decedent; and two days thereafter he brought this action to recover said balance of deposit.  It does not appear that the infants changed their residence, and presumably the letters of guardianship were issued on the theory that there was property of the decedent in the county of New York.  Code Civ. Proc. §§ 2822, 2827.  It does not appear what other property, if any, the decedent left in the county of New York on account of which letters of administration were issued; but the bank had no notice of the issue of the domestic letters until after it had paid the money to the foreign administrator.  It does not appear that the decedent left any creditors in this state.

On these facts, the question presented by this appeal is whether the payment by the bank to the foreign administrator is a defense to the action.  No exact precedent has been cited in this or any other jurisdiction, and we find none.  It seems to be well settled that the situs of a debt is the domicile of the creditor, not that of the debtor.  The administrator of the domicile of the decedent takes title to all his personal property, whether situated within or without the state.  The title to all personal property, wherever situated, vests in him by the letters testamentary, and relates back to the time of the death of the intestate; and the succession of the property is governed by the law of the domicile of the owner.  In re Prout, 128 N. Y. 70, 27 N. E. 948, 13 L. R. A. 104; Schluter v. Bank, 117 N. Y. 125–129, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494; Parsons v. Lyman, 20 N. Y., 103; In re Butler, 38 N. Y. 397; Stoddard v. Lum, 159 N. Y. 265, 276, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Carroll v. Hughes, 5 Redf. Sur. 337; Luce v. Railroad Co. (N. H.) 3 Atl. 618; In re Election of Directors of Cape May & Delaware Bay Nav. Co., 51 N. J. Law, 71, 82, 16 Atl. 191; Society v. Vogel's Ex'r, 76 Ala. 441, 52 Am. Rep. 344.

It is the duty of the administrator of the domicile to exercise due diligence to recover personal property when beyond the jurisdiction of the state and collect debts owing to the decedent by nonresidents, and for his failure in this regard he may be charged with the value thereof in the settlement of his accounts.  Parsons v. Lyman, supra; Schultz v. Pulver, 11 Wend. 361; In re Butler, 38 N. Y. 397.  The administrator of the domicile thus having title to the personal property of the decedent, a voluntary payment made to him within or without the state by a nonresident debtor discharges the indebtedness.  In re Prout, supra; Luce v. Railroad Co., supra.

Although the domiciliary administrator is clothed with title to the property, his letters of administration have no extraterritorial force, and on grounds of public policy, for the protection of home creditors, a foreign administrator or executor is not permitted to maintain an action to recover property located here or to enforce the payment of an indebtedness owing to the estate by a resident of our state.  Parsons v. Lyman, supra; In re Prout, supra; Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586; Redf. Letters (2d Ed.) 27, 28.  The foreign administrator may, however, assign the claim, and the assignee may recover the property or collect the indebtedness by an action in this

state. Toronto General Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 47, 25 N. E. 198; Petersen v. Bank, 29 How. Prac. 240; Id., 32 N. Y. 21, 88 Am. Dec. 298; Middlebrook v. Bank, *42 N. Y. 135; McNulta v. Huntington, 62 App. Div. 257, 258, 70 N. Y. Supp. 897. See, also, Mabon v. Electric Co., 156 N. Y. 196, 201, 50 N. E. 805.

If the foreign debtor be found within the jurisdiction of the courts of the decedent's domicile, an action may be maintained there by the domiciliary administrator, and a recovery thus had will bar an action by an administrator, even if already appointed, in the state where the debtor resides. Wilkins v. Ellett, supra; Society v. Vogel's Ex'r, supra.

The Code of Civil Procedure provides for the issue of ancillary letters of administration in the case of a nonresident where letters have been issued at his domicile, and it is discretionary with the court whether to require the payment of local creditors or to require security to insure their payment by the foreign administrator. Sections 2699–2701, art. 7, tit. 3, c. 18, Code Civ. Proc. The surrogate's court of any county of this state in which there is personal property belonging to a nonresident decedent has jurisdiction to issue letters of administration, regardless of whether letters have been issued in the foreign state, and the jurisdiction of the surrogate's court first exercising it is exclusive of that of other counties (Code Civ. Proc. §§ 2476, 2477; Taylor v. Public Adm'r, 6 Dem. Sur. 158), and to apply such property in payment of the claims of local creditors. While the court may, then, in its discretion, distribute the remaining property to those who are entitled thereto according to the law of the decedent's domicile, ordinarily this will not be done if there are foreign creditors, or if the foreign law of distribution differs materially from ours, or would be construed differently by our courts than by the courts of the foreign jurisdiction. In either of these events, if there are local next of kin or legatees the fund ordinarily will be remanded to the foreign jurisdiction, to be administered there. 3 Redf. Letters (2d Ed.) 26; Jessop, Sur. Prac. 650–653; Parsons v. Lyman, supra; Despard v. Churchill, 53 N. Y. 192; Brown v. Brown, 1 Barb. Ch. 189, 218; Lynes v. Coley, 1 Redf. Sur. 405; Carroll v. Hughes, 5 Redf. Sur. 337; In re Hughes, 95 N. Y. 55; Barry's Appeal, 88 Pa. 131; Stevens v. Gaylord, 11 Mass. 256; Wilkins v. Ellett, supra.

In the absence of property here, the remedy of a domestic creditor against the estate of a nonresident decedent is such as is given by the foreign law, and must be enforced there. Lyon v. Park, 111 N. Y. 351, 355, 18 N. E. 863. This is also the remedy of a local creditor where a local debtor makes a voluntary payment to the foreign domiciliary administrator. It was observed in the case of Taylor v. Syme, 162 N. Y. 513, 518, 57 N. E. 83, that the reason for the rule forbidding a foreign administrator or executor to prosecute actions here has little force where there are no local creditors, but that, nevertheless, the rule still obtains. These principles seem to be well established and sustained by abundant authority.

We find considerable dicta to the effect that the appointment of a local administrator supersedes the authority of a foreign adminis-

trator to receive voluntary payments from nonresident debtors, but in no case were they essential to a decision. It is loosely stated in some of the cases that such a voluntary payment discharges the debt "where there is no conflicting grant of letters." Vroom v. Van Horne, 10 Paige, 549, 42 Am. Dec. 94; Brown v. Brown, supra. In Parsons v. Lyman, supra, the court say:

"The foreign law furnishes the rule of decision as to the validity of the title to the thing claimed, but in respect to the legal assertion of that title it has no extraterritorial force. As a result of this doctrine, it is now generally held everywhere, and it is well settled in this state, that an executor or administrator appointed in another state has not, as such, any authority beyond the sovereignty by virtue of whose laws he was appointed. Morrell v. Dickey, 1 Johns. Ch. 153; Doolittle v. Lewis, 7 Johns. Ch. 45, 11 Am. Dec. 389; Vroom v. Van Horne, supra. But if residents of this state have in their possession property which belongs to a party domiciled abroad, or are indebted to him, they may of course recognize any valid title, claimed under him, arising out of any act in pais, by testament or by succession upon intestacy, and may voluntarily deliver over the property or make payment of the debt. Our jurisdiction is not violated nor our tribunals in any respect condemned by such a transaction. Simply, our laws are not invoked because in the case supposed there is no occasion for their agency. If the property or money is thereupon taken by the new possessor into the foreign jurisdiction, we have no further concern with the matter. If the claimant whose demands have thus been conceded is himself a trustee for others, as in the case of an executor or administrator, he is subject to the same legal pursuit by the parties whom he represents, or who are interested in the trust, as though he had received the assets at the domicile of the former owner. The facts that those assets were at one time within our jurisdiction, or had existed in the shape of a debt owing by a resident of this state, is of no legal consequence. In stating this position I of course exclude any consideration of cases where a lien, by way of attachment or otherwise, had been fastened upon the property, or where any claims of a domestic executor or administrator had attached to it before it had passed into the hands of the party claiming under the foreign title."

In Schluter v. Bank, supra, the court, speaking of a voluntary payment to a foreign administrator, say: "Payment to him anywhere, in the absence of any conflicting claim existing at the time, is valid." It would seem from a cursory examination of Stone v. Scripture, 4 Lans. 186, that this question had been settled adversely to the appellant. There, a mortgage held by a nonresident was attempted to be discharged by the foreign administrator after the appointment of a local administrator. It is apparent that the parties were aware of the appointment of the domestic administrator. Furthermore, no consideration, passed at that time for the mortgage, had been paid to the party subsequently appointed the foreign administrator, and surrendered up long before he had any authority to act.

The local administrator is entitled to the possession of the property, and to collect the debts for the purpose of administration here, because public policy requires that our creditors be protected, and for this reason we deem the foreign administrator incapacitated from prosecuting claims here, notwithstanding the fact that the title is in him. It is undoubtedly the rule that, where the local administrator and a foreign administrator claim the right to collect a debt owing to the decedent by a debtor residing here, the debtor must account to the domestic, and not to the foreign, administrator. Lawrence v. Townsend, 88 N. Y. 24. It does not follow, however, that every

domestic debtor of the foreign decedent is chargeable with constructive notice of the appointment of a domestic administrator. This public policy, we think, does not preclude a local debtor from paying a foreign domiciliary administrator, who is vested with the title, in the absence of knowledge of the appointment of a domestic administrator or of facts and circumstances which would lead a prudent man to inquire whether one had been appointed.

The bank would undoubtedly be liable if it made the payment negligently. Appleby v. Bank, 62 N. Y. 12; Heermans v. Ellsworth, 3 Hun, 473, 64 N. Y. 159; Gearns v. Bank, 135 N. Y. 557, 32 N. E. 249. In the case at bar, there is no finding of negligence on the part of the bank, nor would such a finding be warranted. The decedent was a woman, a nonresident, and the account was small. There was nothing to indicate that she would be likely to have creditors here. The mere fact that the bank knew that she was a nonresident, as shown by her account and the foreign letters, was not sufficient to put it upon inquiry. If this payment cannot be sustained, then there is little value in the rule that a payment may be made voluntarily to a foreign administrator: If this merely means that the payment is good provided no local letters of administration have been issued, then there is no safety in making such payment. Local letters might be issued in any county of the state; and even if the bank were connected with each surrogate's office, by telephone or telegraph, it would have no guaranty of protection in making a payment, for it might be proved that a minute before the payment was made local letters were issued in some county, or that the information it received was erroneous. We deem it quite probable that, in the great majority of instances where nonresidents are depositors in the savings banks of this state in small amounts, they have no local creditors. Instead of enforcing any public policy of the state, we think it would be rather against public policy, to hold that no local debtor may pay a foreign domiciliary administrator except at his peril. If that rule should be announced, then in every instance it would be necessary to take out letters of administration here, involving considerable expense in the service of citations and the publication of notices to creditors. A small fund like this would be absorbed in such legal proceedings. I think that we should, by analogy, apply in the case at bar the rule that prevails in the case of an ordinary payment by a debtor to his creditor, who, without notice to the debtor or his knowledge, has assigned the claim to a third party. Heermans v. Ellsworth, supra; Johnston v. Allen, 22 Fla. 224, 1 Am. St. Rep. 180; Van Keuren v. Corkins, 66 N. Y. 77; Huntington v. Potter, 32 Barb. 300. Moreover, the reason for the rule does not apply here. The foreign domiciliary administrator has the title, but for the protection of home creditors we refuse to let him have the property, and on account of his disqualification to sue we assert ownership for the purpose of paying such creditors. Here, however, the bank, acting in good faith, and in accordance with a provision of its by-laws by which it obligated itself to pay the account to the legal representatives of the depositor upon the surrender of the pass book, has paid the domiciliary administrator, who had title, and it does not appear that

there are any local creditors who require protection. The foreign administrator had a good title, but local creditors, if there were any in this jurisdiction, had a right to have the assets applied in payment of their debts. These minors, in whose behalf the action is brought, will receive their share of this fund from the foreign administrator upon the settlement of his accounts in New Jersey. Luce v. Railroad Co., supra. The bank should not be required to pay the local administrator, thus providing a double fund for the payment of these minors. It has already paid this duly constituted trustee. The equities are with the bank, and in no event should the action be permitted to be maintained until it is shown that there are local creditors whose claims will otherwise be lost.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN, J., concurs. VAN BRUNT, P. J., concurs in result. PATTERSON and O'BRIEN, JJ., dissent.