WILLIAMS v. FISCHLEIN .et al.

(Supreme Court, Appellate Division, Second Department.    April 21, 1911.)

1. PLEADING (§ 46*)—DEFENDANTS—CAPACITY.
   One sued in a representative capacity is, for the purpose of pleading, a distinct person from one, although the same one, sued as an individual.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 101–103; Dec. Dig. § 46.*]

2. WILLS (§ 68*)—CONTRACTS—DEVISES—ACTIONS FOR BREACH.
   An action for a breach of a contract to bequeath property made by a decedent cannot be maintained against persons not parties to the agreement, even though they are the children and executors of the deceased.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. § 68.*]

3. EXECUTORS AND ADMINISTRATORS (§ 525*)—JURISDICTION—FOREIGN EXECUTORS.
   An action for a breach of a contract to bequeath cannot be maintained against foreign executors over whom the domestic forum has no jurisdiction.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2344–2349; Dec. Dig. § 525.*]

4. TRUSTS (§ 287*)—ENFORCEMENT—EXECUTION.
   Where a constructive trust wholly of personal property arises upon the death of a former holder of the personalty, execution of the trust does not devolve upon her executors, but vests in the Supreme Court under Laws 1909, c. 45 (Consol. Laws 1909, c. 41) § 20, providing that, where a sole trustee of a trust of personalty dies, the trust devolves upon the Supreme Court.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 407; Dec. Dig. § 287.*]

5. EXECUTORS AND ADMINISTRATORS (§ 525*)—ENFORCEMENT OF TRUST—FOREIGN EXECUTOR.
   Where a testator repudiated a contract to bequeath personalty in a foreign state in which testator was a resident, the property, though in the hands of the testator's executors, cannot be followed in an action in a domestic court, even though a part of it consist of the bond of a resident secured ·by a mortgage on real property located in the domestic state.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2344, 2345; Dec. Dig. § 525.*]

6. COURTS (§ 19*)—DEBT ON SPECIALTY—JURISDICTION.
   A debt upon a specialty has its situs where the specialty, such as a bond, is.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 47–52; Dec. Dig. § 19.*]

7. COURTS (§ 19*)—JURISDICTION—DEBTOR'S DOMICILE—BONDS.
   Where a bond, as well as the creditor, are both without the jurisdiction, it has no situs in the jurisdiction, even though the debtor be a resident.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 47–52; Dec. Dig. § 19.*]

8. COURTS (§ 19*)—JURISDICTION—SITUS OF BOND—MORTGAGES.
   Even though a bond whose situs is in a foreign state is secured by a mortgage upon real property within the state, the situs is not changed,

since a mortgage creates no estate in land, but is merely security for a debt represented by the bond.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 47–52; Dec. Dig. § 19.*]

Appeal from Special Term, Kings County.

Action by Edith Williams against Louisa A. Fischlein, individually, and as executrix, of Louise A. Fischlein, deceased, and another. From a judgment overruling a demurrer to the complaint, Louisa A. Fischlein appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Helen K. Hoy, for appellant.
E. W. Cushing, for respondent.

BURR, J. The plaintiff brings this action against Louisa A. Fischlein and Mina E. Harvey. She seeks therein to hold them liable individually and as executors of the last will and testament of Louise A. Fischlein, and as trustees of said will.

[1] For the purposes of pleading, one sued in a representative capacity is a separate and distinct person from one (although the same one) sued as an individual. Leonard v. Pierce, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161; Rathbone v. Hooney, 58 N. Y. 463. For the purposes of a demurrer, therefore, we may treat this action as if persons different from the individuals had been named as executors, and persons different from either had been named as trustees. Plaintiff's right to recover depends upon the effect to be given to the agreement upon the part of her mother, Louise A. Fischlein, who was also the mother of the defendants herein, that, if plaintiff would convey to her such interest as she had in the real estate devised to her by her father's will, which consisted of one-sixth part thereof subject to the mother's life estate therein, she, the mother, would "preserve and retain in trust the plaintiff's one-sixth ($1/6$) interest in the estate, given to her by the last will and testament of her father, using only the income thereof for life, and upon her death would give to the plaintiff the said one-sixth interest in her father's estate, which interest was and is worth approximately three thousand ($3,000.00) dollars." It is not entirely clear from the complaint whether plaintiff seeks to recover damages for breach of this agreement upon her mother's part, whether she proceeds upon the theory that her mother recognized the trust while living, and she now seeks to enforce final execution thereof by defendants as successors to such trust, or whether she proceeds upon the theory that the agreement was repudiated by her mother, and now seeks to impress upon the property left by her, in whosesoever hands it may be, a trust resulting from such agreement enforceable as against them. The prayer for relief is broad enough to include them all.

As against defendants in their representative capacity as trustees under the will of Louise A. Fischlein, no cause of action is stated upon any theory. So far as the complaint discloses, Mrs. Fischlein's will

created no trust, appointed no persons as trustees thereunder, and there are no such persons in existence.

[2] As against defendants in their individual capacity, no cause of action is stated for damages. They were not parties to the agreement, if there was a breach thereof, nor have they ever assumed its performance, nor does it appear that, as yet, they have received any property under their mother's will. We delay for a moment considering the question whether they might not be proper parties, under certain circumstances, to a suit in equity to consider the action as one against the defendants in their representative capacity as executors of their mother's will.

[3] It may not be maintained against them as an action at law for damages for a broken agreement upon their testator's part, because this court has no jurisdiction of their persons. They are foreign executors solely. Flandrow v. Hammond, 13 App. Div. 325, 43 N. Y. Supp. 143; McGrath v. Weiller, 98 App. Div. 291, 90 N. Y. Supp. 420.

[4] If the action be deemed one in furtherance of the trust and to compel its final execution, then, passing by other objections, the trust being, so far as the complaint discloses, entirely one of personalty, upon the death of Mrs. Fischlein the further execution of the trust would not devolve upon her executors, but would vest in the Supreme Court until a new trustee was appointed. Laws 1909, c. 45 (Consol. Laws 1909, c. 41) § 20.

[5] We are inclined to the opinion that the complaint does state facts sufficient to constitute a cause of action in equity upon the ground that the deceased, Louise A. Fischlein, repudiated her trust agreement, and that property which was subject to be impressed with a trust in plaintiff's behalf in her lifetime is now in the hands of defendants in their representative capacity as executors. But the same difficulty with regard to the jurisdiction of their persons and the subject-matter of the action still exists in connection with such an action, which was heretofore suggested in connection with an action at law for damages. While equity, when necessary to prevent a total failure of justice, will in such a case assume jurisdiction so far as the relief to be secured relates to property within its jurisdiction (Bergmann v. Lord, 194 N. Y. 70, 86 N. E. 828), no case has been cited to us which goes further than this. Such cases seem to rest upon the doctrine that the "res," the specific thing which is to be affected by the judgment, is here situated and within the jurisdiction of this court. But at the time of her death Louise A. Fischlein was, and for some time prior thereto had been, a resident of New Jersey. The fact that a portion of her personal estate consists of a bond of a resident secured by a mortgage upon real property located in this county does not of itself alter the situation.

[6] A debt upon a specialty has its situs where the specialty, in this case the bond itself, is. Beers v. Shannon, 73 N. Y. 292, 299.

[7] At least, where the creditor's domicile and the bond also are without the state, the debt evidenced by the bond, even though the debtor be a resident here, has no situs within this state. Matter of Bronson, 150 N. Y. 1, 8, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St.

Rep. 632; Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; Matter of Fearing, 200 N. Y. 340, 93 N. E. 956. It does not appear affirmatively that the bond is within this state. Inferentially it appears that it is in New Jersey.

[8] The fact that this bond is secured by a mortgage upon real property here located does not alter the situation. The mortgage creates no estate in the land, and is simply a security for the debt represented by the bond. 1 Jones on Mortgages (6th Ed.) § 44; Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151; Hubbell v. Moulson, 53 N. Y. 225, 227, 13 Am. Rep. 519, and cases there cited. Stone v. Scripture, 4 Lans. 186, relied upon by the learned justice at Special Term, is not an authority to the contrary. In that case it appeared that an administrator had been appointed in the state of the debtor's domicile prior to the appointment of the administrator in the domicile of decedent. The language in the opinion in that case as to the situs of the bond and mortgage was not necessary to its decision, and should not be extended to cases not resting upon similar facts, if indeed it is entirely accurate under any circumstances. Neither was this case cited with approval in Maas v. German Savings Bank, 73 App. Div. 524, 530, 77 N. Y. Supp. 256, as the learned justice at Special Term indicates. On the contrary, its authority was questioned, and the decision in the Maas Case was opposed to the doctrine contained in the case of Stone v. Scripture. See decision in Maas v. German Savings Bank (at the Appellate Term) 36 Misc. Rep. 154, 72 N. Y. Supp. 1068. If the court had jurisdiction in an equity action, such as is hereinbefore referred to, of the subject-matter of the action and the persons of the foreign executors, it might be that the individual defendants would be proper parties to such an action as the persons who might ultimately be entitled to the property upon which it is sought to impress the trust. But, when such an action fails as against the executors, the principal defendants, of necessity, it fails as against them also. We think, therefore, that, if plaintiff would enforce her claim to impress a trust upon the property of which Louise A. Fischlein died possessed, she must do so in the jurisdiction where the property is located and where her legal representatives are.

The interlocutory judgment entered herein must be reversed, and the demurrer of the defendant Louisa A. Fischlein sustained, with costs of this appeal, and with leave to the plaintiff, within 20 days after the entry of the order herein, to amend her complaint upon payment of the costs of the demurrer and of this appeal. All concur.