SEABOARD BY-PRODUCTS COMPANY, PROSECUTOR, v. ANTONIE LUSZCS, RESPONDENT.

Argued June 2, 1924—Decided June 23, 1924.

1. An injured employe entered into an agreement with his employer for compensation based upon the theory of a temporary disability. He thereafter resumed work, but complained constantly of pains in the head, until he died some eight months after the accident. The widow then filed a petition under section 21 of the Workmen's Compensation act, upon the theory that the agreement between the deceased and his employer was based upon the erroneous assumption of temporary injuries, which were in

fact permanent in character. *Held,* that the widow was qualified as a party to the agreement to intervene, after her husband's death, to have the agreement modified, the intention manifested by the act being to provide for the support of widows and orphans by the employer, rather than by the public, on the principle of economic necessity.

2. Section 23 of the Workmen's Compensation act, which provides that claims for compensation shall be barred unless agreed to, or an adjudication is sought within one year after the accident, is appropriate to a situation where the injured employe is alive and capable of exercising the privilege accorded him by the act, but it is inapplicable as a bar to a petition by the widow for a modification of an agreement by her husband in his lifetime.

---

On writ of *certiorari* removing award of Workmen's Compensation Bureau.

Before Mr. Justice MINTURN, by consent.

For the prosecutor, *Kalisch & Kalisch.*

For the respondent, *Herman A. Berg.*

The opinion of the court was delivered by

MINTURN, J. The material facts are not in dispute, excepting as different inferences may be drawn from undisputed evidence. The pivotal inquiry is based upon the construction to be given to sections 21 and 23 of chapter 95 of the laws of 1911, popularly termed the Workmen's Compensation act. Section 21 provides that an "agreement or award of compensation may be modified at any time by a subsequent agreement or reviewed upon the application of the party on the ground that the incapacity of the injured employe has subsequently increased or diminished." The deceased, while employed by the Seaboard By-Products Company, was injured upon the head by a fall due to the inhalation of gas, which required his removal to the hospital for three weeks, during which time he entered into an agreement with his employer for compensation, based upon the theory of a temporary disability. He

thereafter resumed his work, but at all times complained of incessant pains in the head, and finally within eight months. departed this life. During the period of his illness he made no application for increased compensation, based upon a claim of permanent disability, probably upon the assumption of his medical adviser that the disability which afflicted him was but temporary in character. The commissioner found, after considering the medical testimony, that the injury was of a permanent character, from the effects of which the employe died, and this conclusion would seem to be supported by the weight of the testimony.

The question of law presented by the record and urged upon the argument concerns the construction to be given to section 23H and section 21F of the Compensation act. The accident occurred on September 20th, 1921, and the deceased returned to work on November 2d, 1921. During the progress of his work he complained almost continuously of severe pains in his head. After returning from work and remaining in enforced idleness for eight months he died on April 24th 1923, having received compensation for six days under his agreement based upon temporary disability. This petition was thereafter filed by his widow under section 21F upon the theory that the agreement between her deceased husband and his employer was based upon the erroneous assumption that his injuries were only of a temporary character, when in fact they were, as the event proved, permanent and fatal.

It is contended that the widow at this stage is not a party to the agreement as prescribed in the act, and that the limitation of one year contained in section 23H has terminated the right of any party to the proceeding to seek relief. At the time of his death the deceased was receiving compensation under an existing agreement with his employer. That fact seems to be conceded upon the record by counsel. Ordinarily, a doubt might arise upon a superficial reading of these two sections as to the inquiry whether the widow, under the circumstances, is a "party" to the agreement within the statutory intention, so as to qualify her to intervene after her

husband's death for a modification of the agreement. But when it is recalled that this act had its genesis in a public policy, calling for the support of the widow and the orphan, in whose behalf the state intervened as *parens patriæ,* for the purpose of placing the burden of support upon its primal cause rather than upon the public as a principle of economic necessity, hesitation and doubt would seem to find no abiding place. Without this underlying theory of economic necessity, superimposed upon the public by a situation of industrial necessity, legislation of this character under our constitutional guarantees would be unjustified and indefensible. In the light therefore of the philosophy of the legislation, this widow quite manifestly is a most interested party to this agreement. 28 *R. C. L.* 713, and cases cited. When to that consideration is added the language of the section itself, that such an agreement may be modified or reviewed "at any time," we have presented to us a situation like the instant case, where the husband has passed away and his immediate dependents are *ex necessitate* before us as supplicants.

In the light of this construction section 23H must be held inapplicable. Its purpose seems to be appropriate to a situation where the injured workman is upon the scene, and capable of exercising the privileges accorded to him by the act, enacted for the purpose which I have observed, and legally justified only by the considerations of public policy to which I have adverted, legislation of this character should receive a liberal rather than a strict or strained construction, consistently with the public policy which called it into being, without doing injustice to the one who *pro bono publico* must sustain the burden as an incident of his undertaking. *Wilson* v. *Dorflinger,* 218 *N. Y.* 84.

In the light of these facts the case at bar bears no analogy to any case cited by counsel for the prosecutor in their brief.

Guided by these views, I have concluded that the agreement between the employer and employe still subsists, and that it is legally capable of modification and review, under section 23H of the act, and that in other respects the judgment or award reviewed by this writ should be affirmed.