# KATHERINE P. WILLIAMSON ·v. WALTER M. FALKENHAGEN AND OTHERS.[1]

November 1, 1929.

No. 27,390.

C. D. Bensel, W. W. Merrill and Thomas P. Helmey, for appellants.

Daly & Barnard and A. E. Kief, for respondent.

TAYLOR, C.

Defendant Guaranteed Securities Company is a corporation of the state of Utah having its place of business at the city of Salt Lake City in that state. Defendant Blood is the receiver of that corporation appointed by a court of the state of Utah and is a resident and citizen of that state. Neither of them was doing busi-

[1]Reported in 227 N. W. 429.

ness in the state of Minnesota. The summons and complaint in this action were served upon them in the state of Utah. They made a motion to set aside the service on the ground that jurisdiction over them could not be acquired in that manner, and appealed from an order denying the motion.

In her complaint plaintiff sets forth two causes of action. In the first she alleges that in 1923 the defendants Falkenhagen executed their promissory note for $1,200 to the Chippewa County State Bank and to secure the payment thereof executed to the bank a mortgage upon certain land in Chippewa county; that the bank sold and assigned the note and mortgage to her; that thereafter and in 1924 she transferred and assigned the note and mortgage to defendant Guaranteed Securities Company in exchange for certain capital stock of that company; and that she was induced to make the exchange by false representations concerning the financial condition of the company and the value of the stock. The relief asked against that company and its receiver, defendant Blood, is that the assignment to the company be canceled and that she be adjudged to be the owner of the note and mortgage.

That the courts of this state cannot acquire jurisdiction of the person of a defendant by service of the summons upon him outside the state and cannot bind him personally by any judgment based upon such service is too well settled to require discussion or the citation of authorities. A debt evidenced by a promissory note and secured by a mortgage is a mere chose in action, at most a personal chattel. The mortgage is but an incident of the debt and passes with it. Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 A. S. R. 613; McManaman v. Hinchley, 82 Minn. 296, 84 N. W. 1018; First Nat. Bank v. Gallagher, 119 Minn. 463, 138 N. W. 681, Ann. Cas. 1914B, 120. A court cannot render a judgment determining that a party claiming to own a personal chattel or chose in action is not the owner thereof unless it has acquired jurisdiction of the person of such party. New York Life Ins. Co. v. Dunlevy, 241 U. S. 518, 36 S. Ct. 613, 60 L. ed. 1140; Baker v. Baker, Eccles & Co. 242 U. S. 394, 37 S. Ct. 152, 61 L. ed. 386; Redzina v. Provident Institu-

tion, 96 N. J.-Eq. 346, 125 A. 136; Lydiard v. Chute, 45 Minn. 277, 47 N. W. 967; Bóyle v. Musser-Sauntry L. L. & M. Co. 88 Minn. 456, 93 N. W. 520, 97 A. S. R. 538; P. H. & F. M. Roots Co. v. Decker, 111 Minn. 458, 127 N. W. 417; National Council K. & L. of S. v. Scheiber, 137 Minn. 423, 163 N. W. 781; also annotations in L. R. A. 1917B, 393.

The action against the securities company and its receiver is solely to set aside the transfer of the note and mortgage to that company; in effect to determine that plaintiff and not that company is the owner of the debt evidenced by them. As against them the action is clearly an action in personam; and, as the court had no jurisdiction over them personally, their motion to set aside the service should have been granted.

Order reversed.