EISNER *v.* WILLIAMS.

1. INJUNCTION—MOTION TO DISMISS—REHEARING.

In an injunction suit the circuit court has jurisdiction to grant rehearing of denial of motion to dismiss bill of complaint, reconsider its action, and make final disposition of the motion.

2. SAME—APPEARANCE—MOTION TO DISMISS.

The special appearance of a nonresident defendant for the purpose of moving to dismiss a bill of complaint in an injunction suit was not waived and a general appearance effected because in the presentation of motion to dismiss certain facts were alleged which were either in accord with or in amplification of allegations in the bill, where participation of such specially appearing defendant in the case has been strictly in relation to motion to dismiss.

3. SAME—COERCION—EQUITY—JURISDICTION—NONRESIDENT.

In suit for equitable relief by way of injunction wherein nonresident plaintiffs' right to relief is bottomed upon an allegation that nonresident defendant, a Florida attorney, was guilty of a breach of duty in acting for plaintiffs in that by coercion he had or would wrongfully appropriate to himself money which a resident defendant was alleged to be obligated to pay plaintiffs, the cause of action was *in personam* and not *in rem*, hence a court of this State could not adjudicate the controversy without having obtained jurisdiction over such nonresident defendant either by service of process or by voluntary appearance.

4. COURTS—JURISDICTION—SECURITY FOR PAYMENT OF DEBT.

Presence in a State of security for payment of a debt does not in itself give the courts of that State jurisdiction *in rem* to litigate rights in the debt; even though the security be, in form, a lien upon real estate.

5. SAME—EQUITY—GARNISHMENT—JURISDICTION.

Jurisdiction in garnishment proceedings is wholly statutory and provision therefor is inapplicable to suit by nonresident plaintiff to enjoin resident defendant from making payment of sum, secured by bonds deposited in this State, to a nonresident defendant who was not served with process and who has not

voluntarily appeared, where it is not alleged that any specific fund has been set aside by the resident defendant for payment of her debt and that such fund is within the jurisdiction of the court and basis of equitable relief is misconduct and coercion on part of nonresident defendant constituting the suit as one *in personam;* garnishment being available only in *ex contractu* cases or on judgments or decrees and not in actions *ex delicto* (3 Comp. Laws 1929, § 14857 *et seq.*).

6. JUDGMENT—IN PERSONAM.

No personal judgment has the least validity unless made against a person actually served with process or appearing voluntarily to respond to a suit.

7. INJUNCTION—UNAUTHORIZED SUIT—MULTIPLICITY OF SUITS—SPECIALLY APPEARING NONRESIDENT.

A specially appearing nonresident defendant who has not been personally served nor waived personal service is entitled to have dismissal of an unauthorized suit in equity whereby his debtor is enjoined from performing her obligation to him even though plaintiffs may be compelled to seek relief in some other forum and jurisdiction is not vested on ground of avoiding a multiplicity of suits.

Appeal from Wayne; Chenot (James E.), J. Submitted April 9, 1941. (Docket No. 29, Calendar No. 41,539.) Decided June 2, 1941.

Bill by J. Lester Eisner and others, liquidating trustees of Fort Lauderdale Real Estate Company, a Florida corporation, against Henry Elliot Williams, Anna Dodge Dillman, and Detroit Trust Company to set aside contracts and restrain payment of money. From order dismissing bill as to defendant Williams, plaintiff appeals. Affirmed.

*Emil Wm. Colombo* (*I. Reines Skier,* of counsel), for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for defendant Williams.

NORTH, J. The principal question presented by this appeal is whether the circuit judge was in error in dismissing plaintiffs' and appellants' suit in chancery as against one of the defendants, Henry Elliot Williams, appellee.

Plaintiffs are the liquidating trustees of the Fort Lauderdale Real Estate Company, a Florida corporation. The corporation retained upon a 25 per cent. contingent fee a New York firm of attorneys to institute suit in Florida against defendant Anna Dodge Dillman and others. The New York law firm, having express authority so to do, retained defendant Williams as associate counsel, and agreed that he should have for his services one-half of the 25 per cent. contingent fee. Defendant Williams is an attorney residing in Tampa, Florida, and engaged there in the practice of law. He instituted the contemplated suit for plaintiffs' corporation in Broward county, Florida; but is alleged thereafter to have refused to continue in the case unless the plaintiff corporation would agree that he should have as his individual contingent fee 25 per cent. of the net recovery in the lawsuit. The corporation agreed to defendant's proposal; but plaintiffs in the instant suit allege that the Florida corporation so agreed through coercion resulting from threats and fears that defendant would wrongfully withhold and deprive it of documents and evidence essential to the prosecution of the Florida suit and thereby jeopardize successful prosecution of the same; and plaintiffs herein assert that by reason of such coercion defendant's modified retainer was null and void, and without consideration. The suit which defendant had instituted in the Florida court was later settled for $500,000. As part of the settlement and the adjustment of his fees defendant Williams required of the Florida corporation a "release" which does

not appear in this record, but apparently was a "release" of any claim the Florida corporation might assert against him. In the instant suit plaintiffs claim this "release" was also obtained through coercion—*i.e.*, a threat that otherwise Williams would prevent the settlement. Incident to the settlement it was arranged that Williams' 25 per cent. contingent fee should be paid to him by Anna Dodge Dillman, one of the defendants in the Florida suit, in the following manner: a cash payment of $28,437.50; and an agreement to pay him three subsequent instalments of like amount—*i.e.*, $28,437.50 on January 21, 1939; $28,437.50 on January 21, 1940; and $28,437.50 on January 21, 1941. The payment of January 21, 1939, was made prior to commencement of this suit, January 19, 1940. Payment of the amounts provided in defendant Williams' agreement with Anna Dodge Dillman was secured by bonds of the United States of America of the par value of $90,000 deposited with the defendant Detroit Trust Company at Detroit. When the instant suit was commenced, a temporary injunction issued restraining the Detroit Trust Company and Anna Dodge Dillman from making further payments to defendant Williams.

The bill of complaint herein was filed in the circuit court of Wayne county in chancéry to secure cancellation of the agreement by the Florida corporation to pay defendant Williams 25 per cent. of the amount recovered and also to secure cancellation of the "release" agreement, and to secure payment of the balance of the agreed attorney's fee to plaintiffs instead of payment to defendant Williams. Anna Dodge Dillman and the Detroit Trust Company were served with process. They appeared and answered. Defendant Williams was served with an order of appearance by registered mail. There-

after he appeared specially and moved to dismiss plaintiffs' bill of complaint on the following grounds: that plaintiffs' contract for his services was a Florida undertaking to be performed in that State; that he was and is a resident of Florida; and that none of the plaintiffs are residents of Michigan. The motion to dismiss, when first brought before the court, was denied; but upon rehearing the motion was granted. Plaintiffs have appealed and assert that the circuit judge was without jurisdiction to grant a rehearing of the motion to dismiss, that defendant Williams' participation in the motion to dismiss amounted to a general appearance, and that the circuit judge erred in dismissing plaintiffs' bill of complaint. Further, plaintiffs urge that if they cannot maintain this suit there will be a miscarriage of justice.

There is no merit to appellants' claim that the trial court did not have jurisdiction to reconsider and make final disposition of the motion to dismiss. Nor are we in accord with appellants' contention that defendant Williams has entered a general appearance in this case. The record discloses he has taken no part in this suit except such as was strictly germane to the presentation of his motion to dismiss. This motion is prefaced as follows: "Henry Elliot Williams, one of the defendants in this cause, appearing specially and only for the purpose of this motion by Miller, Canfield, Paddock and Stone, his attorneys, respectfully shows to this court as follows." We are not in accord with appellants' contention that merely because in presentation of his motion to dismiss certain facts were alleged which were either in accord with or in amplification of allegations in the bill of complaint, his special appearance was thereby waived and a general appearance effected. As noted above, in so

far as defendant Williams has participated in this suit, it has been strictly in relation to his motion to dismiss. He has not entered a general appearance.

The controlling question presented is this: Did the circuit court of Wayne county in chancery have jurisdiction to adjudicate the fundamental and controlling issue, in the absence of personal service of process upon defendant Williams? Plaintiffs' right to equitable relief, if any, is bottomed upon the allegation that defendant Williams is guilty of a breach of his duties as attorney acting in Florida for plaintiffs as his clients, and that by coercion, which is fraudulent in character, Williams has or will wrongfully appropriate to himself money ($56,575) which defendant Dillman is obligated to pay. Disregarding the mathematical discrepancy with which we are not concerned, the amount just above noted represents 12½ per cent. of the $500,000 for which defendant Dillman settled the Florida lawsuit. Admittedly Mrs. Dillman is indebted in the stated amount either to defendant Williams or to plaintiffs; and payments by her to Williams are alleged in the bill of complaint to be "for the account of" the Florida corporation. Plaintiffs make no claim, nor could they, that defendant Williams is indebted to them; or that he has money or property in his possession which belongs to plaintiffs. Clearly this is a suit to try title or right to the debt still owed by Mrs. Dillman; and that controversy is one solely between plaintiffs and defendant Williams. Plaintiffs cannot recover unless they establish their charge against defendant Williams of misconduct and coercion. That controlling issue gives rise to an action *in personam,* not *in rem;* and the Wayne county court cannot adjudicate that controversy without first having obtained jurisdiction of defendant Williams by service

of process or voluntary appearance. Plaintiffs, who are nonresidents of Michigan, are not without an available forum. Obviously they can proceed in a Florida court where Williams is domiciled, or in any other court which can obtain personal jurisdiction over him.

As bearing upon the foregoing, it should be noted that plaintiffs do not allege that any specific fund has been set aside by Mrs. Dillman for payment of her debt and that such fund is within the jurisdiction of the Michigan court. The bonds held by the defendant, Detroit Trust Company, do not belong to defendant Williams; and, on plaintiffs' theory that Mrs. Dillman is not indebted to defendant Williams (but instead the $56,875 belong to plaintiffs), he would not even have a contingent interest in the bonds held as collateral to Mrs. Dillman's obligation. Further, presence in a State of security for payment of a debt does not in itself give the courts of that State jurisdiction *in rem* to litigate rights in the debt; and this has been held notwithstanding the security was in form a lien upon real estate. *State, ex rel. Bowling Green Trust Co.,* v. *Barnett,* 245 Mo. 99 (149 S. W. 311); *Williams* v. *Fischlein,* 144 App. Div. 244 (129 N. Y. Supp. 129); and *Williamson* v. *Falkenhagen,* 178 Minn. 379 (227 N. W. 429), in which the syllabus reads:

"An action to cancel an assignment of a note and mortgage is an action *in personam,* and jurisdiction to render judgment against a nonresident assignee cannot be acquired by service of summons outside the State."

Appellants' brief urges that their right to maintain this suit is sustained by decisions of this Court. Appellants cite *Cofrode* v. *Wayne Circuit Judge,* 79 Mich. 332 (7 L. R. A. 511); *Newland* v. *Wayne*

*Circuit Judge,* 85 Mich. 151; *Serviss* v. *Washtenaw Circuit Judge,* 116 Mich. 101 (72 Am. St. Rep. 507); *H. Williamson, Ltd.,* v. *Phinney-Walker Co.,* 247 Mich. 645. The cited cases are not in point. In the *Cofrode Case* the defendants voluntarily appeared. Each of the other cited cases is a suit on the law side of the court and jurisdiction was obtained under the garnishment statute. Such jurisdiction is wholly statutory, and provision therefor is not applicable to the instant suit in equity. Another basic difficulty is the theory of plaintiffs' case, that Mrs. Dillman is not indebted to defendant Williams but that instead the money she agreed to pay to him belongs to plaintiffs. Under this theory of plaintiffs there is nothing on which they can base their claim of an equitable right to recover in a proceedings in the nature of garnishment. Nor are plaintiffs entitled to injunctive relief or relief by way of cancellation except they first prevail by establishing their alleged right to relief on the ground of misconduct and coercion on the part of defendant Williams; and that constitutes this suit as one *in personam* which cannot be adjudicated without personal service of process on Williams or waiver thereof. In *Cofrode* v. *Circuit Judge, supra,* 345, Justice CAMPBELL accurately stated the pertinent legal proposition as follows:

"There are some incidents of territorial jurisdiction which are universally recognized. Among these is the constitutional and elementary doctrine that, while every State may reach property actually within its borders, no personal judgment has the least validity unless made against a person actually served with process, or else appearing voluntarily to respond to a suit. * * * No one can be brought into court personally, without personal service or personal waiver of service."

Another fundamental reason why these plaintiffs may not by analogy apply to the instant case the theory or procedure permitted in statutory garnishment is that garnishment is available only in *ex contractu* cases or on judgments or decrees (3 Comp. Laws 1929, § 14857 [Stat. Ann. § 27.1855]); but plaintiffs' present suit against defendant Williams is of the *ex delicto* type.

Our attention has not been directed to any decision in this jurisdiction, nor do we know of any, which holds that the instant proceedings in equity can be prosecuted against defendant Williams without personal service upon him being first obtained or voluntary appearance. By an unauthorized suit plaintiffs have enjoined Williams' debtor from performing her obligation by making payment to him. For that reason he is entitled to have the suit dismissed. The fact that plaintiffs may be compelled to seek relief in some other forum does not give the circuit court of Wayne county in chancery jurisdiction; especially should it be so held in a suit wherein neither plaintiffs nor the principal defendant Williams are residents of this jurisdiction. Nor under the circumstances of the instant case can jurisdiction be held to be vested in equity on the theory of avoiding a multiplicity of suits.

The order entered in the circuit court dismissing plaintiffs' bill of complaint is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.