SPECIALTIES DISTRIBUTING CO. v. WHITEHEAD.

1. LIENS—EQUITABLE LIENS—PROCEEDING IN PERSONAM—SERVICE OF PROCESS.

No relief could be granted either to seller of refrigerator under a title-retaining contract or to chattel mortgagee of buyer's other equipment to establish an equitable lien upon funds remaining in hands of city after sale of property of buyer and chattel mortgagor for nonpayment of taxes where he was not served with process and did not enter an appearance as the proceeding is *in personam*, not *in rem*, since there must be a determination as to whether or not the taxpayer was indebted to plaintiff seller and cross-plaintiff chattel mortgagee and the exact amount thereof.

2. STIPULATIONS—PARTIES.

One who is not a party to stipulation of facts filed in court is not bound by any statement therein.

3. COURTS—JURISDICTION—SECURITY FOR PAYMENT OF DEBT.

Presence in a State of security for payment of a debt does not in itself give the courts of that State jurisdiction *in rem* to litigate rights in the debt; even though the security be, in form, a lien upon property.

4. COSTS—EQUITABLE LIEN—SURPLUS FUNDS AFTER SALE FOR NON-PAYMENT OF TAXES.

No costs are allowed in suit to impress an equitable lien upon funds remaining in hands of city after sale for unpaid taxes of property which had been sold to taxpayer on title-retaining contract or was subject to chattel mortgage, where court had no jurisdiction over taxpayer through service of process or voluntary appearance, in view of the nature of the controversy.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 9, 1946. (Docket No. 32, Calendar No. 43,226.) Decided March 4, 1946.

Bill by Specialties Distributing Company against William Whitehead and City of Detroit to have an equitable lien declared on money in hands of city. Detroit Creamery Company and Michigan Department of Revenue added as parties defendant. Cross bills by added defendants to require payment of money to them. Bill and cross bills dismissed. Plaintiff appeals. Detroit Creamery Company cross-appeals. Affirmed.

*George A. Hebert* (*Henry B. Graves,* of counsel), for plaintiff.

*William E. Dowling,* Corporation Counsel, and *George C. Coffey,* Assistant Corporation Counsel, for City of Detroit.

*Benjamin B. Gordon,* for Detroit Creamery Company.

Carr, J. This case was heard and submitted in the trial court on a stipulation of facts and on the pleadings filed. To such stipulation defendant Whitehead was not a party. He was not served with process, nor did he enter an appearance. On the affidavit of counsel for plaintiff an order of publication was issued and mailed to the last-known address of defendant Whitehead but was not delivered. The order was then published.

The stipulation recites that on July 12, 1940, defendant Whitehead borrowed $750 from the defendant and cross-plaintiff, Detroit Creamery Company, to secure the payment of which he gave a chattel mortgage on certain soda fountain fixtures; that in August, 1940, he entered into a title-retaining contract to purchase a refrigerator from the plaintiff; that he conducted a business, including the selling of soft drinks, from August, 1940, until July 27, 1942,

during which period he became indebted to the State of Michigan for sales taxes in the sum of $136.15; that on July 27, 1942, he was indebted to the city of Detroit for personal city taxes and for county taxes in the sum of $298.37; that on said date the property, above referred to, was seized by the city and sold for taxes; that the city realized the gross sum of $525.39 from said sale and, after paying the expenses and satisfying the tax lien, now has a balance in its possession in the sum of $169.64; that at the time of the seizure and sale of the property defendant Whitehead owed plaintiff, on the purchase price of the refrigerator, the sum of $119.81, and that on said date he owed defendant and cross-plaintiff, Detroit Creamery Company, on its chattel mortgage, the sum of $154.25; that on July 31, 1942, defendant and cross-plaintiff, Detroit Creamery Company, began suit against defendant Whitehead in the common pleas court of the city of Detroit to recover the balance owing to it; that personal service on defendant Whitehead in said suit was not obtained; that on the commencement of said suit garnishment proceedings against the city of Detroit were instituted; that on August 17, 1942, a writ of attachment was issued out of the common pleas court in said case against defendant Whitehead, which said writ was not served; that judgment against defendant Whitehead was subsequently entered in the attachment case; that no judgment either in garnishment or attachment has been entered against the city of Detroit.

No question is raised as to the right of the defendant city to seize and sell the property referred to in satisfaction of the tax lien. Plaintiff instituted the present suit in equity asking that it be paid the amount claimed to be due and owing to it from defendant Whitehead out of the surplus in the hands of the city. It was further alleged as a basis for in-

voking the aid of equity that plaintiff could not reach the surplus by garnishment proceeding because such proceeding may not be instituted without obtaining a personal judgment against the defendant Whitehead and that his absence from the State of Michigan constitutes a bar to obtaining such judgment.

It is also alleged that funds in the hands of the city are not subject to attachment, and generally that plaintiff has no remedy at law, but is entitled, in equity, to have a lien impressed on the surplus from the tax sale.

The city of Detroit filed its answer to the bill of complaint, denying that plaintiff was entitled to the relief sought. Subsequently, the Detroit Creamery Company and the department of revenue of the State of Michigan were joined as parties defendant. Each filed a cross bill and answers to the affirmative claims for relief.

The trial court entered a decree dismissing the bill of complaint, and likewise the cross bills, holding that the issues involved could not be determined because process had not been personally served on defendant Whitehead within the State and no appearance had been entered by him, and also, that the remedy of plaintiff and cross-plaintiffs, if they have such, should be pursued in a court of law. From such decree plaintiff and cross-plaintiff, Detroit Creamery Company, have appealed. The department of revenue of the State of Michigan has not done so.

Appellants contend that the trial court was in error in holding as indicated on the jurisdictional question. The defendant city of Detroit takes the position that the decree entered was correct and should be affirmed.

Plaintiff's alleged cause of action rests on the claim that defendant Whitehead is indebted to plain-

tiff under the contract between the parties. No relief could be granted without a determination as to the fact of the indebtedness and the exact amount thereof. This characterizes the proceeding as one *in personam* rather than *in rem*. The identical situation obtains with reference to the position of defendant and cross-plaintiff, Detroit Creamery Company. Unless defendant Whitehead is indebted to it on the chattel mortgage it is not entitled, under any theory, to a lien on the surplus from the tax sale, or to any portion of such surplus. It is scarcely necessary to point out that defendant Whitehead, not being a party to the stipulation of facts, is not bound by any statements therein.

The principles of law, recognized and applied in *Eisner* v. *Williams,* 298 Mich. 215, are controlling. Plaintiffs there brought suit in equity to obtain cancellation of an agreement to pay attorney fees to defendant Williams, and to secure payment of such fees to plaintiffs rather than to defendant Williams. The latter was served with an order of appearance by registered mail but was not served with process within the State, nor did he enter a general appearance. He did, however, appear specially and move to dismiss, claiming in substance that the matters in issue could not be litigated without personal service on him within the jurisdiction, or voluntary general appearance on his part. The order dismissing the bill of complaint was affirmed, the court pointing out that plaintiffs could not recover without establishing the charges against defendant Williams. It was said (p. 220):

"That controlling issue gives rise to an action *in personam,* not *in rem;* and the Wayne county court cannot adjudicate that controversy without first having obtained jurisdiction of defendant Williams by service of process or voluntary appearance. Plain-

tiffs, who are nonresidents of Michigan, are not without an available forum. Obviously they can proceed in a Florida court where Williams is domiciled, or in any other court which can obtain personal jurisdiction over him."

It was also said:

"Further, presence in a State of security for payment of a debt does not in itself give the courts of that State jurisdiction *in rem* to litigate rights in the debt; and this has been held notwithstanding the security was in form a lien upon real estate. *State, ex rel. Bowling Green Trust Co.,* v. *Barnett,* 245 Mo. 99 (149 S. W. 311); *Williams* v. *Fischlein,* 144 App. Div. 244 (129 N. Y. Supp. 129); and *Williamson* v. *Falkenhagen,* 178 Minn. 379 (227 N. W. 429)."

The situation in the case at bar is analogous to that presented in the case cited. The trial court could not properly determine that defendant Whitehead was indebted to either plaintiff or cross-plaintiff without having obtained jurisdiction of said defendant, either by service of process within the jurisdiction or by voluntary appearance. Likewise, plaintiff and cross-plaintiff may proceed against defendant Whitehead in any court of competent jurisdiction obtaining personal jurisdiction over him.

The trial court correctly decided the issue as to the jurisdiction of the court to hear and determine the case. A discussion of other questions raised in the briefs of counsel is not required nor, under the circumstances, would it be proper. The decree of the trial court is affirmed. In view of the nature of the controversy, no costs are allowed.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.