MARTINOFF v. JACKSON NEWS PUBLISHING CO.

1. LIBEL AND SLANDER—JUSTIFICATION—CONSPIRACY — EVIDENCE —
   SUFFICIENCY.

   In an action against a newspaper publisher for libel in
   charging that plaintiff was guilty of arson and other
   crimes, where the defense was justification, testimony im-
   plicating plaintiff and his cousin in setting fire to their
   store building, *held*, sufficient to justify the court in sub-
   mitting to the jury the question as to whether there was
   concert of action between them to burn the store and
   collect the insurance, although the testimony implicating
   plaintiff was meager.

2. SAME—CONSPIRACY—ACT OF ONE ACT OF BOTH.

   If there is a conspiracy between two persons, the acts of
   each done in the furtherance of the common design are
   the acts of both, and the declarations of each in the
   furtherance of the common design are admissible against
   either or both.

3. SAME—TRIAL—INSTRUCTIONS—CONSPIRACY.

   The court properly instructed the jury, in substance, that
   they could not consider the acts or statements of the
   cousin, unless defendant had established, by the weight
   of the evidence, that a conspiracy existed.

4. SAME—DAMAGES TO BUSINESS—QUESTION FOR JURY.

   Where, although the trial judge unduly restricted plaintiff
   in his proof of damages to his business occasioned by
   the libels, there was sufficient to take the question to the
   jury, there was error in withdrawing it from them.

5. SAME—CONJECTURE.

   That defendant gave proof tending to show some other
   cause for the falling off of plaintiff's business, did not
   carry the question into the realm of conjecture so as to
   prevent the jury from considering it.

6. SAME—EVIDENCE—GOOD FAITH—MITIGATION OF DAMAGES.

   Testimony by defendant's reporter as to statements made
   by plaintiff's brother and sister-in-law, at the police

station, through an interpreter, in connection with a complaint against plaintiff, which were the basis of the first article published, *held*, admissible for the purpose of showing good faith and in mitigation of damages, but not for the purpose of justification.

7. SAME—JUSTIFICATION—PROOF IN JUSTIFICATION OF ONE CHARGE No JUSTIFICATION AS TO OTHER—DIRECTED VERDICT.
Where the libelous article charged plaintiff with arson and attempted murder, and there was sufficient proof tending to justify the charge of arson as to take that question to the jury, but no proof to justify the charge of attempted murder, plaintiff was entitled to a directed verdict.

Error to Jackson; Parkinson (James A.), J. Submitted January 30, 1924. (Docket No. 37.) Decided March 5, 1924.

Case by Speros Martinoff against the Jackson News Publishing Company for libel. Judgment for defendant. Plaintiff brings error. Reversed.

*Bishop, Blackney & Church* and *C. A. Withey,* for appellant.

*Cobb, Bisbee & Wilson,* for appellee.

In the issue of defendant's daily newspaper of December 10, 1920, appeared the following article:

"ALBION FIREBUG TRIES TO KILL GIRL MOTHER.
"Accuser His Brother's Wife—Escapes with $1,100 Insurance.
(Special to Jackson News.)
"Albion, Mich., Dec. 9.—Confronted with the charge made by his own brother's wife, that he had set fire to his store property here to collect the insurance, Speros Martinoff, 22, today whipped out an automatic revolver and tried to kill her. The girl-wife's brother leaped on Martinoff and wrestled the revolver from him just in time to prevent murder.
"The two men fought their way to the porch and the arsonist and would-be murderer left the place.

"Attacked Girl-Wife.

"Later Martinoff returned and proceeded to tear up things generally in the house, in a search for money and pictures of himself, destroying all of the latter he could find.    Money taken included $50.00 belonging to his young sister-in-law whom he had attacked— a girl who only came to this country about two months ago and cannot speak English, also the check for his share in the insurance on the store which he owned jointly, and which was recently fired.    This check was for $1,100 and was cashed by a Pole.

"Martinoff fled from the city in his Reo touring car, on which he still owes Frank Stankrauff, $350. It bears a Michigan license, 202-687.    Martinoff is described as having a badly pock-marked face, dark complexion, heavy dark hair parted in the middle; speaks English well.

"It is stated the young woman attacked knew Martinoff had set the store on fire, but a new land, new language and fear had kept her silent.    Last night, however, she accused Speros of the crime, and it is said the latter admitted it."

Other articles followed and defendant was asked to retract, which was not done.    This action followed. Defendant pleaded justification.    The case was submitted to the jury and a verdict for defendant rendered.    The case is here reviewed under 61 assignments of error covering rulings upon the admissibility of proof, refusal to charge, and upon the charge as given.    Plaintiff's counsel in their brief summarized the charge made against plaintiff in the article quoted and others and counted on in the declaration as follows:

"(a) With arson.
"(b) With attempted murder.
"(c) With destroying evidence of his guilt.
"(d) With larceny of fifty dollars.
"(e) With assault upon his brother's wife.
"(f) With unlawfully collecting $1,100, his share of the insurance money, and fleeing from the vicinity to escape prosecution therefor.

"(g) With fleeing with his Reo car with intent to defraud the sellers thereof of the sum of $350, unpaid on the purchase price of said car.

"(h) That because of his crimes and criminal conduct and character the plaintiff fled from the city of Albion and vicinity and was in hiding, that he might escape the penalties of his crime or crimes.

"(i) That he was a thief and guilty of the larceny of the goods and money referred to, and might in the due administration of justice be bound over to the circuit court for grand larceny."

It will be noted, however, that some of these are but repetitions. As the case must be reversed we shall consider those questions which are of importance and which are liable to arise on a new trial.

FELLOWS, J. (*after stating the facts*). Plaintiff and his cousin Gigo were running a store at Albion. It was partially destroyed by fire on November 21st. There was much evidence that the fire was of incendiary origin and plaintiff in his testimony expressed the belief that it was set on fire. The first group of assignments of error we shall consider deal with the admission of statements and acts of Gigo. They were admitted upon the theory that a conspiracy between plaintiff and Gigo had been established, at least sufficiently so to take that question to the jury. There was considerable testimony tending to show that Gigo set the fire. The testimony implicating plaintiff with Gigo is meager, but we can not say upon the whole record that there was no testimony on that subject. Outside the testimony of the witness Vassileff, it was made up of circumstances of more or less importance which justified the court in submitting to the jury the question of whether there was concert of action between plaintiff and Gigo to burn the store and collect the insurance. If there was a conspiracy between them the rule is well recognized that the acts

of each done in the furtherance of the common design are the acts of both, and the declarations of each in the furtherance of the common design admissible against either or both.    The court properly instructed the jury, in substance, that they could not consider the acts or statements of Gigo, unless defendant had established, by the weight of the evidence, that a conspiracy existed.

We are persuaded that the trial judge unduly restricted plaintiff in his proof of damage to his business occasioned by the publication of the articles.    But even with such restriction there was sufficient in the testimony to take that question to the jury.    The trial judge erred in withdrawing it from the jury.    Because defendant assigned and gave proof tending to show some other cause for the falling off of plaintiff's business did not carry the question into the realm of conjecture so as to prevent the jury from considering it.

The record discloses that plaintiff's brother Mladin and his wife Maricka appeared at the police station and made a complaint against plaintiff charging him with larceny.    A reporter of defendant named Hartt was present.    Over the objection of plaintiff's counsel he was permitted to testify to statements then made by them through an interpreter, and which statements were the basis of the first article written by him and set up in the statement of facts.    Defendant's counsel expressly disaffirmed that this would justify, but claimed it was admissible for the purpose of showing good faith, in mitigation of plaintiff's claim for added damages.    The principal objection to this testimony was that it was not established that the interpreter correctly interpreted their statement into English. We think for the purpose it was offered it was admissible.    It did not justify nor was it claimed that it did.    It is possible defendant's reporter should have

made more certain that the interpretation was correct, but, as bearing on his good faith, it was admissible and its force and effect was for the jury.

We have already stated that plaintiff's connection with the fire was made a question for the jury; there was testimony that insurance money was deposited in an Albion bank and $1,100 drawn out through a friend of plaintiff; there was testimony that a complaint was made against him for larceny, but the complaint was dismissed; there was testimony that he left Albion in the night and went to Battle Creek driving his Reo car which had not been fully paid for, the balance not being due, but there is not a scintilla of testimony that he "whipped out an automatic revolver and tried to kill her (Maricka)," that he made an assault on her or that she accused him of setting the store on fire and that he admitted it, or that he took $50 belonging to her. The testimony shows that there was some trouble between plaintiff on the one hand and Mladin and Maricka on the other, in which Maricka claimed a certain dress was hers and claimed plaintiff had taken it. The men engaged in a scuffle, but plaintiff had no revolver in his possession, made no attempt to kill Maricka or assault her. Plaintiff's counsel requested the court to direct a verdict for plaintiff. This request should have been granted. By the article plaintiff was charged with attempting to murder his sister-in-law. Indeed this was the main feature of the article and was played up in the headline. Not only was there no testimony sustaining this charge but all the testimony showed that it was without any foundation in fact. While defendant made the question of justification of some of the other charges questions for the jury, it utterly failed in justifying this, the main and most serious charge, in the article. Justification to be available must be justification of the crime charged and proof tending to justify the

charge of the crime of arson does not justify a charge of attempted murder.

The judgment will be reversed with a new trial. Plaintiff will recover costs of this court.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.