KAHN v. FRIEDMAN.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   An equity appeal is heard *de novo* by the Supreme Court.

2. CONSPIRACY—CONVERSATION AS EVIDENCE—CONNECTION OF CODE-
   FENDANT WITH CONSPIRACY.
   A conversation between the plaintiff and a coconspirator would be admissible against a coconspirator and a codefendant after the establishment of conspiracy upon which plaintiff based his action for fraud and conspiracy (CL 1948, §§ 566.11, 566.221).

3. SAME—CONVERSATION AS EVIDENCE—ADMISSIBILITY.
   Conversation between plaintiff and nonappearing defendant by which former sought to establish latter's connection with conspiracy was not admissible against codefendant who filed an appearance in action for fraud and conspiracy, where latter had not been otherwise shown to have been connected with the conspiracy and the conversation was not shown to have taken place in the presence of the codefendant.

4. EQUITY—ADEQUACY OF REMEDY AT LAW—EVIDENCE.
   Suit in equity against nonappearing, nonresident defendant and defendant who filed an appearance, based on fraud and con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error, § 2; 3 Am Jur, Appeal and Error, § 815.
[2-4] 11 Am Jur, Conspiracy, § 56.
[4] 19 Am Jur, Equity, § 100.

spiracy under the uniform fraudulent conveyance act, must be dismissed where plaintiff's remedy at law against the former was adequate and he failed to show latter's connection with the conspiracy by any competent testimony (CL 1948, §§ 566.11, 566.221).

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 8, 1950. (Docket No. 35, Calendar No. 44,142.) Decided December 5, 1950.

Bill by Max Kahn against Edward H. Friedman, doing business as Torrance Precision Manufacturing Company, and others to set aside claimed fraudulent transfers. Decree for plaintiff. Defendant Friedman appeals. Reversed and bill dismissed.

*Max Kahn, in pro. per.,* and *Joseph J. Oldani,* for plaintiff.

*Aaron Droock* and *Charles I. Schlissel,* for defendant Friedman.

Bushnell, J. Plaintiff Max Kahn performed legal services in connection with the dissolution of a partnership for defendant H. William Braun. After the dissolution on October 13, 1943, Braun removed himself and his $75,000 partnership interest from Detroit, Michigan to Los Angeles, California without paying plaintiff his fee.

On February 9, 1945, Kahn filed a bill in equity against Braun and Edward H. Friedman, doing business under the name of Torrance Precision Manufacturing Company. The Murray Corporation of America, as a debtor of Braun or Torrance, was joined as a defendant and temporarily restrained from paying its creditor. Later Murray Corporation paid $2,859.44 into court, to be held pending final disposition of the matter, and it was relieved from further liability.

Kahn charged Braun and Friedman with fraud and conspiracy, under the uniform fraudulent conveyance act (CL 1948, § 566.11 *et seq.* [Stat Ann § 26.881 *et seq.*], and also CL 1948, § 566.221 [Stat Ann § 26.971]).

Friedman entered an appearance and, after denial of his motion to dismiss, filed an answer which contains a general denial of fraud and conspiracy, and asserted that Kahn had an adequate remedy at law. He also averred that the Murray Corporation funds were owing to him and "in no way belong to the defendant, H. William Braun."

The calendar entries show proof of service of an order for the appearance of Braun.

At the trial on January 8, 1948, Braun did not appear in court, and Friedman, though represented by counsel, was not present. Over objection, plaintiff was permitted to testify to what he said defendant Braun told him. These were statements of Braun that Braun was shipping machinery to Torrance, California, to start a business there and was arranging with defendant Edward H. Friedman to use Friedman's name in carrying on that business; that they were to take out a lease under the assumed name of Torrance Precision Manufacturing Company; and that Friedman had no interest except to enable Braun to cover up his assets. Friedman's counsel introduced in evidence the California "Certificate for Transaction of Business Under Fictitious Name," filed September 16, 1943, which certified that Torrance Precision Manufacturing Company was composed only of Edward H. Friedman.

The trial judge pointed out that defendant Friedman had not testified or otherwise rebutted the prima facie fraud case which had been made against him by plaintiff's testimony. The court then entered a decree in favor of plaintiff against the fund paid

into court and against Braun and Friedman personally.

In equity appeals we hear the case *de novo.* The conversation between plaintiff and defendant Braun did not occur in the presence of defendant Friedman. Where a conspiracy has been established, such a conversation would be admissible against a coconspirator and codefendant. *Gumberg* v. *Treusch,* 103 Mich 543, 554; and *Martinoff* v. *Jackson News Publishing Co.,* 226 Mich 233, 236. However, here the only evidence of conspiracy is the very conversation which was used in order to bind defendant Friedman. Until defendant Friedman is connected with the conspiracy by other evidence, this conversation is inadmissible against him. *Solomon* v. *Kirkwood,* 55 Mich 256; *Smith* v. *Hockenberry,* 138 Mich 129, 133; and *Kimble* v. *Gillard,* 177 Mich 250. Neither the alleged conspiracy nor the fraud was proven by any competent testimony.

As to defendant Braun, plaintiff had a complete and adequate remedy at law, as appears on the face of the bill of complaint. See CL 1948, § 628.29 (Stat Ann § 27.1883), and *Serviss* v. *Washtenaw Circuit Judge,* 116 Mich 101 (72 Am St Rep 507); also, see *Eisner* v. *Williams,* 298 Mich 215, 222. In the latter case, in referring to the *Serviss Case,* among others, we said:

"Each of the other cited cases is a suit on the law side of the court and jurisdiction was obtained under the garnishment statute. Such jurisdiction is wholly statutory, and provision therefor is not applicable to the instant suit in equity."

Plaintiff's suit should be dismissed and the trial court directed to enter an order for the return of the deposited funds to defendant, the Murray Corporation of America.

The decree of the trial court is vacated and one may be entered here in conformity with this opinion. Costs to defendant Friedman.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.